ENGELS, HOOPER & CO., Respondents, v. McKINLEY & GARIOCH, Appellants.

The assignment of a Lease as collateral security for the payment of a debt, does not vest the estate in the assignee until a breach of the agreement; and an assignee is only entitled to the reversion by privity of estate, or the actual occupation and beneficial enjoyment.

APPEAL from the District Court of the Fourth Judicial District, San Francisco county. Action for recovery of rent of premises in San Francisco.

On the 15th of October, 1852, the plaintiffs leased to G. W. Mowbray and A. J. Colby, certain premises in the city of San Francisco for the period of six months.

Some time afterwards Mowbray assigned to the defendants the lease, and the term created by virtue thereof, as collateral security for a loan of $4,000. The terms of the assignment were that until the debt was discharged Mowbray was to remain in possession of the demised premises, and pay to the defendants one-half of the net profits of his business, until the whole sum should be paid.

The defendants never entered upon the premises, and up to the time of the abandonment, Mowbray, the assignor, was in possession. The case

20

was tried by the Court, without a jury, who gave judgment for the plaintiffs, and overruled a motion for a new trial. Defendants appealed.

*Crockett & Page*, for Appellants.

*Casserly & Doyle*, for Respondents.

No briefs on file.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

Passing by the question of the assignment by Mowbray to the defendants, we are of opinion that the judgment of the Court below is not sustained, by the evidence adduced on the trial. It is shown by the testimony of the plaintiffs' own witness, uncontradicted, that the assignment to the defendants was made to secure a loan of four thousand dollars, and that Mowbray, the assignor, was to remain in possession of the premises until he had discharged such debt and interest, paying to the defendants one half of the net profits, until the full payment thereof, at which time the relation of the parties was to cease.

That the defendants never had entered upon the premises, but that he (Mowbray) remained in possession up to the time of their abandonment. Under this state of facts it is clear that the assignment can only be treated as a security or mortgage, to secure the $4,000 loan.

The defendants were not entitled to the possession of the demised premises, except upon the breach of the agreement entered into between Mowbray and themselves, and he might at any time have compelled a cancellation of the assignment, by payment of the note and interest, and one half of the net profits.

It is not sufficient to show that the defendants have a paper title, and a legal right, which might have been enforced against their assignors. They could not be liable to the reversioner on the ground of privity of contract, but by privity of estate, or the actual occupation and beneficial enjoyment.

Judgment reversed, with costs, and new trial ordered.